■ CONRAD GIROLYME, Respondent, v CARLSON CONSTRUCTION CO., INC., Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County, entered December 15, 1977, after a nonjury trial, which is in favor of the plaintiff. Judgment reversed, on the facts, without costs or disbursements, and complaint dismissed. On June 30, 1973 the plaintiff, the owner of a one-family home, contracted with the defendant to construct a two-story addition to the home. The defendant prepared the contract, plans and specifications. The work was completed in October, 1973. Soon thereafter water began to enter the premises at the grade level floor of the addition. On two different occasions the defendant returned to the premises and did further work, but was unsuccessful in stopping the entry of water. It was discovered that the seepage was caused by ground water being forced through the foundation by hydrostatic pressure. A series of dry wells was eventually installed around the extension by another contractor. These caught and diverted the ground water and corrected the problem. The plaintiff brought suit against the defendant for breach of contract, loss of rental income and punitive damages. The defendant counterclaimed for the labor and services allegedly incurred when it twice attempted to correct the situation. The plaintiff's causes of action for lost rents and punitive damages, and the defendant's counterclaim, were all properly dismissed by Special Term. However, the court rendered a verdict in the plaintiff's favor on his first cause of action, and awarded him the cost of installation of the dry wells. The court's decision was based largely on testimony of a representative of the defendant, who is also one of its principals. He supervised the project and testified that there was no indication of a ground water problem during construction. He further stated that the Building Department of the Town of Oyster Bay had inspected the excavation and would have required soil tests if there had been any problem. However, he also testified that he knew there were underground streams which had been filled and diverted as the over-all area became more developed. This knowledge was acquired as a result of his living in the area and being somewhat familiar with the general ground and water table conditions on that part of Long Island. This general knowledge on his part was an insufficient basis for finding liability, especially since there was no evidence of any ground water problem at the plaintiff's property. Therefore, the plaintiff's complaint should have been dismissed in its entirety. Damiani, J. P., Suozzi, Rabin and Hawkins, JJ., concur.